UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512<br><br>Request from Germany for Assistance in a Criminal Matter: Fraud and Forgery Involving Capital One Account No. XXXXXX9994 | )<br>)<br>)  MISC. NO. ____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Christine Olson, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from Germany. In support of this application, the United States asserts:

RELEVANT FACTS

1. On November 29, 2016, the German Federal Office of Justice, an office within the German Ministry of Justice, submitted a request for assistance (hereinafter, the "Request") to the

United States, pursuant to the Treaty Between the United States of America and the Federal Republic of Germany on Mutual Legal Assistance in Criminal Matters, U.S.-F.R.G., Oct. 14, 2003, S. TREATY DOC. NO. 108-27 (2004), as supplemented by the Supplementary Treaty to the Treaty Between the United States of America and the Federal Republic of Germany on Mutual Legal Assistance in Criminal Matters, U.S.-F.R.G., April 18, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Treaty"). As stated in the Request, the Public Prosecutor's Office in Munich is investigating two offenses, fraud and forgery, which occurred between on or about June 4, 2015, and September 8, 2015, in violation of the criminal laws of Germany, specifically, Sections 263 and 269 of the German Criminal Code. A copy of the applicable law is included as Attachment A to this application. Under the Treaty, the United States is obligated to render assistance in response to the Request.

2. According to German authorities, on June 4, 2015, an Ethiopian pharmaceutical company sent an e-mail message to one of its customers, a German pharmaceutical company (hereinafter, the "Victim"), confirming receipt of certain funds. Two days later, an unidentified person, purporting to be a representative of the Ethiopian company and using an e-mail account that was very similar to the e-mail account used by the Ethiopian company, sent an e-mail message to the Victim. In the e-mail message, the unidentified person stated that the Ethiopian company intended to obtain a new bank account "due to high charges" and that it would provide the "new offshore bank account [when] available."

3. On June 8, 2015, an unidentified person, again, purporting to be a representative of the Ethiopian company and using the same e-mail account that was used two days earlier, provided the Victim with the "new offshore bank account" – account number XXXXXX9994 at Capital

2

One bank, in South Sugarland, Texas. Thereafter, the Victim transferred funds totaling €175,918.84 to account number XXXXXX9994 at Capital One bank as payment for goods it had received, or was about to receive, from the Ethiopian company.

4. On November 26, 2015, the Ethiopian company informed the Victim that it had not sent the two e-mail messages relating to the "new offshore bank account" and that it was not the holder of account number XXXXXX9994 at Capital One bank. As a result of the fraud, the Victim lost €175,918.84.

5. The Victim reported the foregoing facts to German law enforcement authorities and they conducted an investigation. During the investigation, the Victim provided copies of the fraudulent e-mail messages and bank statements which confirm that it had transferred €175,918.84 to account number XXXXXX9994 at Capital One bank.

6. To further the investigation, German authorities have asked U.S. authorities to provide records pertaining to account number XXXXXX9994 at Capital One bank, and to interview the account holder (once identified) if he or she resides in the United States.

## LEGAL BACKGROUND

### The Treaty

7. A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. the Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

3

8. The United States and Germany entered into the Treaty to provide more effective cooperation between the two States through mutual legal assistance in criminal matters. Treaty pmbl. The Treaty obligates each state, upon request, to provide assistance to the other in criminal investigations and proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 19(3) ("The courts . . . shall have . . . authority to issue such orders . . . as are necessary to execute the request.").

## 18 U.S.C. § 3512

9. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*   \*   \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*   \*   \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority

4

designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

11. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, Criminal Division, U.S. Department of Justice, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[2] Upon such a duly authorized application, Section 3512

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

5

authorizes a federal judge[3] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)-(b)(1). In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

12.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection d, may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A copy of a

---

[3] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including magistrate judge in the definition of federal judge).

"Commissioner Subpoena" is included as Attachment B.

## REQUEST FOR ORDER

13. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the German Federal Office of Justice, an office within the German Ministry of Justice, the designated Central Authority in Germany for requests made pursuant to the Treaty, Treaty art. 2(2), and seeks assistance in the investigation of a series of offenses involving fraud and forgery, criminal offenses in Germany. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., bank records and an interview, falls squarely within that contemplated by both the Treaty and Section 3512. Finally, this application was properly filed in the District of Columbia.

14. This application is being made ex parte, consistent with the United States' practice in its domestic criminal matters. Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here,

seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of the commissioner subpoena(s).[4]

15.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Christine Olson, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by

---

[4] German authorities have not asked U.S. authorities to keep the Request confidential. Accordingly, the United States is not seeking a non-disclosure order, nor is it seeking an order to seal the court file.

the Office of International Affairs) as a commissioner and authorizing the undersigned to take the actions necessary, including the issuance of a commissioner subpoena(s), to obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: *Tracey S. Lankler* by *Cht Olson*
Tracey S. Lankler
Associate Director
District of Columbia Bar #449276
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 305-9645 telephone
(202) 514-0080 facsimile
Tracey.Lankler@usdoj.gov

By: *Cht Olson*
Christine L. Olson
Trial Attorney
N.Y. Registration Number 4750873
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 305-9003 telephone
(202) 305-1099 facsimile
Christine.Olson@usdoj.gov

9